The Honorable Jim Argue, Jr. State Senator 5300 Evergreen Drive Little Rock, AR 72205-1814
Dear Senator Argue:
You have requested my opinion concerning the retention of physical evidence by law-enforcement agencies in prosecutions involving sex offenses and violent offenses.
Your question is:
 What are the applicable definitions of "sex offense" and "violent offense" for purposes of a law enforcement agency's compliance with A.C.A. § 12-12-104?
RESPONSE
It is my opinion, as explained more fully below, that the applicable definitions are those that were in effect in 2001 at the time of the enactment of A.C.A. § 12-12-104. However, because these statutory definitions are no longer a part of the Arkansas Code, an amendment of A.C.A. § 12-12-104 to clarify the applicable definitions of these terms is advisable.
I will begin by setting forth the pertinent portions of the text of A.C.A. § 12-12-104:
 (a) In a prosecution for a sex offense or a violent offense, the law enforcement agency shall preserve, subject to a continuous chain of custody, any physical evidence secured in relation to a trial and sufficient official documentation to locate that evidence.
 (b)(1) After a trial resulting in conviction, the evidence shall be impounded and securely retained by a law enforcement agency.
(2) Retention shall be the greater of:
(A) Permanent following any conviction for a violent offense;
 (B) For twenty-five (25) years following any conviction for a sex offense; and
* * *
(f) As used in this section:
* * *
 (2) "Sex offense" means a sex offense as defined in § 12-12-1103(10); [1] and
 (3) "Violent offense" means a violent offense as defined in § 12-12-1103(11).
A.C.A. § 12-12-104 (in part) (Supp. 2003).
The reference to A.C.A. § 12-12-1103 in the above-quoted definitions raises two distinct issues. The first is the fact that A.C.A. §12-12-1103 was amended by three different acts in 2003, and it is therefore necessary to determine which of the three acts governs. The three acts were Act 1087, Act 1390, and Act 1470. Act 1087 added two subdivisions to the definition of "sex offense" that was previously contained in A.C.A. § 12-12-1103(10). Act 1390 substantially re-wrote the definition of "sex offense" that was previously contained in A.C.A. §12-12-1103(10). Act 1470 removed the definition of "sex offense" from A.C.A. § 12-12-1103 altogether. Act 1470 also removed the definition of "violent offense" from A.C.A. § 12-12-1103. This scenario, involving three conflicting acts passed during the same legislative session, is governed by the provisions of A.C.A. § 1-2-207, which states in pertinent part:
 (b)(1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail.
 (2) The last enactment is the one which the Governor signed last or if the Governor does not sign one of the acts then the last enactment is the act which was last voted on by either house of the General Assembly.
A.C.A. § 1-2-207 (Supp. 2003).
Act 1470 is irreconcilable with Acts 1087 and 1390 with regard to the definition of "sex offense," because it removed the definition from the statute completely, whereas the other two acts simply changed the definition. Of the three acts, Act 1470 was the "last enactment," because it was the one that was signed last by the Governor. (The Governor signed Act 1470 on April 16, 2003. He signed Act 1390 on April 15, 2003. He signed Act 1087 on April 4, 2003.) Accordingly, to the extent of any definition of "sex offense" in A.C.A. § 12-12-1103, Act 1470 must prevail. Therefore, no statutory definition of "sex offense" exists in the current version of A.C.A. § 12-12-1103. Likewise, no statutory definition of "violent offense" exists in the current version of A.C.A. §12-12-1103.
The second issue, therefore, is how to interpret a statutory reference to non-existent statutory provisions. The Arkansas Supreme Court has recognized the validity of "reference statutes," i.e., statutes that incorporate by reference the provisions of another statute. See, e.g.,Hall v. Ragland, Comm'r of Revenues, 276 Ark. 350, 635 S.W.2d 228
(1982). Quoting another court's description of such statutes, the court stated:
 There is a class of statutes, known as "reference statutes," which impinge upon no constitutional limitation. They are statutes in form original, and in themselves intelligible and complete — "statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes. In the construction of such statutes, the statute referred to is treated and considered as if it were incorporated into and formed a part of that which makes the reference. The two statutes coexist as separate and distinct legislative enactments, each having its appointed sphere of action; and the alteration, change, or repeal of the one does not operate upon or affect the other."
Hall v. Ragland, Comm'r of Revenues, 276 Ark. 350, 355, 635 S.W.2d 228,231-32 (1982), quoting Phoenix Assurance Co. v. Fire Department,117 Ala. 631, 23 So. 843, 42 L.R.A. 468 (internal citations omitted) (emphasis added).
This view, expressed by the Arkansas Supreme Court, is consistent with the approach adopted by most American courts. Generally, the courts distinguish between a law's reference to particular statutes, and a law'sgeneral reference to a body of law that governs a given subject. The effect of a reference to a particular statute has been described as follows:
 Where one statute adopts the whole or a part of another statute by a particular or descriptive reference to the statute or provisions adopted, such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions, modifications, or repeals of the statute so taken unless it does so expressly or by necessary implication.
Sutherland Statutory Construction, Vol. 1A, § 32A:15 (Legal Commentary by Horace Emerson Read), 6th Ed., p. 964. Accord, Op. Att'y Gen. No.88-066.
When I apply this principle to A.C.A. § 12-12-104 and its reference to the definitions stated in A.C.A. § 12-12-1103, I conclude that the reference must be interpreted as a reference to the definitions that existed in A.C.A. § 12-12-1103 at the time of the enactment of A.C.A. §12-12-104. A.C.A. § 12-12-104 was enacted in 2001. See Acts2001, No. 1780, § 11. The definitions that existed in A.C.A. § 12-12-1103
at that time were the original definitions that had been included inAct 737 of 1997 (from which A.C.A. § 12-12-1103 was codified). The definitions of "sex offense" and "violent offense" were stated as follows:
(10) "Sex offense" means:
(A) Rape — 5-14-103;
(B) Carnal abuse in the first degree — 5-14-104;
(C) Carnal abuse in the second degree — 5-14-105;
(D) Carnal abuse in the third degree — 5-14-106;
(E) Sexual misconduct — 5-14-107;
(F) Sexual abuse in the first degree — 5-14-108;
(G) Sexual abuse in the second degree — 5-14-109;
(H) Sexual solicitation of a child — 5-14-110;
(I) Violation of minor in the first degree — 5-14-120;
(J) Violation of a minor in the second degree — 5-14-121;
(K) Incest — 5-26-202;
 (L) Engaging children in sexually explicit conduct for use in visual or print medium — 5-27-303;
(M) Transportation of minors for prohibited sexual conduct — 5-27-305;
 (N) Employing or consenting to use of child in sexual performance — 5-27-402;
(O) Producing, directing, or promoting sexual performance — 5-27-403;
(P) Promoting prostitution in the first degree — 5-70-104;
(Q) Stalking — 5-71-229;
 (R) An attempt, solicitation, or conspiracy to commit any of these enumerated offenses; or
 (S) A violation of any former law of this state which is substantially equivalent to any of the offenses enumerated in this subsection (10).
(11) "Violent offense" means:
(A) Murder — 5-10-101, 5-10-102, or 5-10-103;
(B) Manslaughter — 5-10-104;
(C) Robbery — 5-12-102;
(D) Aggravated robbery — 5-12-103;
(E) Battery in the first degree — 5-13-201;
(F) Battery in the second degree — 5-13-202;
(G) Aggravated assault — 5-13-204;
(H) Terroristic threatening in the first degree — 5-13-301;
(I) Domestic battering — 5-26-303, 5-26-304, 5-26-305;
(J) Aggravated assault on family or household member — 5-26-306;
 (K) Engaging in a continuing criminal gang, organization, or enterprise — 5-74-104;
(L) Kidnapping — 5-11-102;
(M) False imprisonment in the first degree — 5-11-103;
(N) Permanent detention or restraint — 5-11-106;
 (O) An attempt, solicitation, or conspiracy to commit any of these enumerated offenses; or
 (P) A violation of any former law of this state which is substantially equivalent to any of the offenses enumerated in this subsection (11).
Former A.C.A. § 12-12-1103 (as originally enacted, Acts 1997, No. 737, §3).
The above-quoted definitions of "sex offense" and "violent offense" are the definitions that are in effect for purposes of interpreting A.C.A. §12-12-104. You will note, of course, that these definitions also refer to other statutes. The same principles will apply in interpreting those references.
I note that because A.C.A. § 12-12-104 defines the terms "sex offense" and "violent offense" by reference to non-existent statutory definitions, unnecessary ambiguity and confusion are created.[2] I therefore reiterate that legislative clarification of this matter through an amendment of A.C.A. § 12-12-104 is advisable.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] In your correspondence, you quoted a definition of "sex offense" that referred to "former § 12-12-1103(10)." The word "former" does not appear in either the original act (Act 1780 of 2001), or in the published codification of A.C.A. § 12-12-104.
[2] Moreover, further confusion is created by the fact that under A.C.A. § 12-12-1101 et seq., as amended by Act 1470 of 2003, the collection of DNA is required in connection with all felonies, thus leaving a gap between the collection and retention of DNA.